**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DELTA AIR LINES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | C.A. No. 1:20-CV-01125-ELR |

**DELTA AIR LINES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.2(E), Plaintiff Delta Air Lines, Inc. ("Delta") hereby files this Memorandum of Law in Support of its Motion for Reconsideration in the above-captioned action.

## BACKGROUND

Delta brings this Motion for Reconsideration to ensure that the materials presented to the Court "to invoke its powers or affect its decisions"—whether dispositive or not—are subject to the common law right of public access. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985); *see also,* Dkt. 912 at 2–3.

Delta filed its Trial Brief (the "Trial Brief") on the public docket on October 6,

2025. Dkt. 774. The Parties proceeded to a public trial from October 20, 2025, to November 7, 2025. At trial, Marriott International, Inc. ("Marriott") first moved to seal the courtroom for the testimony of Ms. Wilkins, at which point Delta objected to (1) sealing the courtroom to the public for that testimony, and (2) permanent sealing of that portion of the trial record. Dkt. 879 at 39:1–46:16. Delta orally provided supporting argument for both objections. *Id*. The Court denied Marriott's request to seal the courtroom but agreed to provisionally seal the testimony, subject to post-trial briefing on the issue. *Id.* at 46:17–23.

When Marriott subsequently sought to provisionally seal the testimony of Ms. Hays, Delta again objected on the same grounds and lodged a standing objection to the provisional sealing of the transcript. Dkt. 881 at 144:10–16. Marriott then moved to also provisionally seal the transcripts of the examinations of Ms. Davis and Mr. Schoettelkotte (in addition to those of Ms. Wilkins and Ms. Hays), both of which were provisionally sealed over Delta's objections. Dkts. 868 at 14:21–15:9; 891 at 138:17–24. The Court also further ordered that any party seeking proposed redactions from the trial transcripts should submit said proposed redactions by December 3, 2025. Dkt. Entries 859–895.

Pursuant to the Court's Order, Marriott filed its Motion to Partially Seal Certain Trial Transcripts on that date. Dkt. 905. That same day, Marriott also filed a second motion—Marriott's Motion to Partially Seal Delta's Trial Brief (Dkt. 907),

despite the fact that Delta's Trial Brief had sat open on the public docket in unredacted form since it was filed on October 6, 2025, almost two months before Marriott filed its Motions to Seal.

Under Local Rule 7.1(B) (and pursuant to Marriott's assumption of the Local Rules), Delta had 14 days—or until December 17, 2025—to file its Oppositions to Marriott's Motions to Seal. LR 7.1(B), NDGa. On December 17, 2025, a few hours prior to the deadline for Delta to file its opposition to either motion, the Court *sua sponte* granted both of Marriott's Motions to Seal. Dkts. 909, 910. Delta nevertheless timely filed its oppositions Marriott's Motions to Seal later that same day, on December 17, to preserve their timeliness under the Local Rules. Dkts. 912, 914. As discussed below, Delta respectfully requests that the Court (1) reconsider its Orders (Dkts. 909, 910), which were issued before Delta filed its timely oppositions and therefore before the Court had the benefit of Delta's arguments in response, and (2) consider Delta's Oppositions to Marriott's Motions to Seal (Dkts. 912, 914) in rendering its rulings.[1]

[1] On December 18, 2025, Delta contacted Marriott via email advising that Delta "intend[s] to file a motion asking the court to vacate the orders [Dkts. 909, 910] based on [the Court's granting of Marriott's Motions to Seal prior to Delta's opposition briefing being due or filed], and for the Court to consider Delta's briefing prior to ruling on [Marriott's] Motions to Seal." *See* email from B. Pak to G. Wright dated Dec. 18, 2025 re 1:20-cv-01125-ELR Delta Air Lines, Inc. v. Marriott Int'l, Inc. Delta's correspondence clarified that it is "not asking [Marriott] to agree that the Court was correct or incorrect in ruling … based on the substance of Marriott's motion[s]; rather, [Delta is asking Marriott to agree] that [] Delta did not have the

## **LEGAL STANDARD**

Rule 59(e) allows a litigant to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. *Banister v. Davis*, 590 U.S. 504, 507, 140 S. Ct. 1698, 207 L. Ed. 2d 58 (2020). Relief under Rule 59(e) "may only be based upon newly discovered evidence or manifest errors of law or fact." *Griffin v. Philips*, 2025 WL 1502188, at *1 (11th Cir. 2025) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)); *see also Nguyen v. Raymond James & Assocs., Inc.*, 2022 WL 61198, at *3 (M.D. Fla. Jan. 6, 2022) (applying this standard to a motion to seal).

## **ARGUMENT**

Delta respectfully moves for reconsideration because the Court's Orders relating to Marriott's Motions to Seal (Dkts. 905, 907) were each issued before the Court had the benefit of Delta's timely opposition briefs (Dkts. 912, 914), which detail why Marriott's requests to seal should be denied. Specifically, Delta objected to the provisional sealing of each witness's testimony during trial. *See* Dkt. 881 at 144:12–15 (lodging a standing objection to the provisional sealing of the transcript); *see also id.* at 17–22 ("THE COURT: . . . Did we discuss whether you all would, at

---

opportunity to be heard" after its objections and the Court did not have the opportunity to consider Delta's oppositions. *Id*. Marriott declined to agree or give a position. *See id.*, attached as Exhibit A.

some point, file some opposition to that so that it's reflected on the record other than just in open court? MR. PAK: Yes, your Honor. We would anticipate it would be after the transcription has been finished. THE COURT: Sure. Okay. Great."). At the close of trial, Delta requested a briefing schedule on the issue, which the Court set after discussing the matter with the parties in court. *See* Dkt. 888 at 103:4–105:9.

Under the Court's Local Rules (and based on Marriott's briefing that followed the Local Rules), Delta was permitted 14 days to file its opposition briefs. LR 7.1(B), NDGa. Despite the fact that both Delta's Trial Brief and the trial testimony at issue had been provisionally sealed, and that the parties, together with the Court, had expressly contemplated the opportunity for post-trial briefing on any sealing requests (Dkts. 879 at 46:17–23; 881 at 144:12–22; 867 at 8:15–16; 868 at 14:21–25; 891 at 138:17–24; 888 at 103:4–105:9), the Court ruled in Marriott's favor on both motions before Delta submitted its oppositions, effectively foreclosing Delta's ability to present its written arguments and the Court's opportunity to consider Delta's briefing in opposition. *See, e.g., BDT Invs., Inc. v. Lisa, S.A.*, 2019 WL 7373084, at *12 (S.D. Fla. Oct. 31, 2019) ("In the simplest form, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner." (citation modified)); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999) ("Since the opportunity to respond is deeply embedded in our concept of fair play and substantial justice, making such a ruling *sua sponte* without notice or an opportunity to respond

violates the due process rights of the adverse party." (citation modified)).

Marriott refused Delta's request that the parties jointly submit a motion to vacate given that the Court did not have the benefit of Delta's briefing and that Delta did not have the opportunity to be heard. *See* n.1, *supra*. Marriott's refusal of Delta's request is inconsistent with the rules allowing for opposition briefs, as well as the Court's allowance of complete briefing on the sealing issues.

It is, among other things, important to the public interest that the Court have the ability to review Delta's opposition briefing because they explain that (1) much of the material Marriott claimed was "highly confidential and commercially sensitive financial information" is, in fact, neither confidential nor sensitive and should not be treated as such and (2) the very information that Marriott seeks to seal was publicly disclosed at trial at least in opening statements and/or closing arguments with no request by Marriott to seal such portions of the record. Dkt. 912 at 6–9. In the context of any trial, the public's right to access is paramount. *Wilson*, 759 F.2d at 1571 (11th Cir. 1985); *Sorenson v. Delta Air Lines, Inc.*, 2022 U.S. Dist. LEXIS 242957, at *20 (N.D. Ga. Apr. 29, 2022) (Ross, J.) ("What transpires in the court room is public property[.]" (citation omitted)); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Romero*, 480 F.3d at 1245–46 (11th Cir. 2007); *Kearney v. Auto-Owners Ins. Co.*, 2009 U.S. Dist. LEXIS 136935, at *6

(M.D. Fla. Sept. 8, 2009).

In addition, Delta's Opposition to Marriott's Motion to Partially Seal the Trial Transcript (Dkt. 912) explained that rather than requesting to seal targeted information, Marriott's improper request to seal the trial transcript related to four self-defined categories of information that encompassed over 277 pages of transcripts and hundreds of lines of testimony that spanned days of the Court's time. Dkt. 912 at 1, 5. Marriott included no relevant authority in support of granting such sealing and failed to even discuss four of the six *Romero* factors to justify overcoming the public's strong presumption of access to evidence used in a public trial. *Id*. Moreover, Delta's opposition briefs explain in detail that much of the information that Marriott requested to seal is not confidential and is already publicly available in the record, including because Marriott publicly aired the supposedly confidential information during its opening statements and closing arguments without requesting to seal it. *See* Dkts. 912, 914; *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1257 (S.D. Fla. 2019) ("If information is or already has been out in the public domain, sealing is unwarranted."). Marriott, by its own conduct, has undermined its own claim of confidentiality, which underscores why reconsideration of the Court's Orders granting Marriott's Motions is necessary.

Because Marriott failed to timely object to the presentation of the information it now seeks to seal at the widely publicized trial and because Marriott has neither

identified specific harm nor overcome the good cause standard, sealing is inappropriate and Marriott's motions must be denied. *See Toms v. State Farm Ins. Co.*, 2022 WL 2953523, at *7 (M.D. Fla. July 26, 2022).

**CONCLUSION**

For the foregoing reasons, Delta requests the Court reconsider its Orders granting Marriott's Motions to Seal (Dkts. 909, 910) and consider each of Delta's timely filed opposition briefs (Dkts. 912, 914).

Dated: December 24, 2025.

*/s/ Byung J. Pak*
SAMUEL R. RUTHERFORD
Georgia Bar No. 159079
BYUNG J. "BJAY" PAK
Georgia Bar No. 559457
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777
sam.rutherford@alston.com
bjay.pak@alston.com

KAMAL GHALI
Georgia Bar No. 805055
**CHAIKEN GHALI LLP**
1201 West Peachtree Street, Ste. 2300
Atlanta, Georgia 30309
Tel. (404) 795-5005

kghali@chaikenghali.com

DALE M. CENDALI
(Admitted *Pro Hac Vice*)
CLAUDIA RAY
(Admitted *Pro Hac Vice*)
SHANTI SADTLER CONWAY
(Admitted *Pro Hac Vice*)
MARY MAZZELLO
(Admitted *Pro Hac Vice*)
JONATHAN D. BRIT
(Admitted *Pro Hac Vice*)
JUSTIN TAYLOR
(Admitted *Pro Hac Vice*)
JEREMY KING
(Admitted *Pro Hac Vice*)
MAGGIE LAPOINT
(Admitted *Pro Hac Vice*)
LILY HENDERSON
(Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800
Fax: (212) 446-6460
dale.cendali@kirkland.com
claudia.ray@kirkland.com
shanti.conway@kirkland.com
mary.mazzello@kirkland.com
jonathan.brit@kirkland.com
justin.taylor@kirkland.com
jeremy.king@kirkland.com
maggie.lapoint@kirkland.com
lily.henderson@kirkland.com

DIANA M. TORRES
(Admitted *Pro Hac Vice*)
ALLISON W. BUCHNER
(Admitted *Pro Hac Vice*)
SIERRA ELIZABETH

(Admitted *Pro Hac Vice*)
ELLISEN TURNER
(Admitted *Pro Hac Vice*)
LAUREN J. SCHWEITZER
(Admitted *Pro Hac Vice*)
STEVEN CZAK
(Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2049 Century Park East
Los Angeles, CA 90067
Tel.: (310) 552-4200
Fax: (310) 552-5900
diana.torres@kirkland.com
allison.buchner@kirkland.com
sierra.elizabeth@kirkland.com
lauren.schweitzer@kirkland.com
ellisen.turner@kirkland.com
steven.czak@kirkland.com

ROBIN ANN MCCUE
(Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
robin.mccue@kirkland.com

STEPHEN TENSMEYER
(Admitted *Pro Hac Vice*)
JESSICA RAMIREZ
(Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
95 South State Street
Salt Lake City, UT 84111
Tel.: (801) 877-8090
Fax: (801) 877-8101
stephen.tensmeyer@kirkland.com
jessica.ramirez@kirkland.com

*Attorneys for Plaintiff*
*Delta Air Lines, Inc.*

**LOCAL RULE 7.1D CERTIFICATE**

The undersigned hereby certifies that the foregoing document has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1(B).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Dated: December 24, 2025 By: */s/ Byung J. Pak*